### DAWSON v. GONDRAN et al.*

(Circuit Court of Appeals, Fifth Circuit. January 12, 1924. Rehearing Denied February 20, 1924.)

No. 4164.

Mortgages ☾⟹515—Sale on credit held not required under provisions of mortgage.

A provision of a mortgage that on default in payment of any of the secured notes the holder might have the property seized and sold to the highest bidder for cash was equivalent to a provision that the whole debt should become due, and rendered inapplicable Code Prac. La. art. 686, providing that when all of the installments are not due the sale shall be on such terms of credit as were granted by the original contract for installments not due.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

☾⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari denied 44 Sup. Ct. 460, 68 L. Ed. ——.

Suit by Mrs. Charles D. Gondran and another against Nicholas A. Dawson. Decree for plaintiffs, and defendant appeals. Affirmed.

C. C. Weber, of Donaldsonville, La. (Howell & Wortham, of Donaldsonville, La., on the brief), for appellant.

Percy S. Benedict, of New Orleans, La. (McCloskey & Benedict and Michael M. Irwin, all of New Orleans, La., on the brief), for appellees.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. This is a bill to foreclose a mortgage for a balance of $18,000 represented by six notes for $3,000 each, two of which are past due. The decree authorizes the sale of the mortgaged property in default of the payment in cash of the full amount of the mortgage indebtedness, including the four notes not yet due as well as the two past-due notes.

The appellant purchased the property and assumed the mortgage which was executed by the Nelson Co-operative Association, Incorporated; and contends that the decree should be so modified as to require payment in cash of only the two notes which are past due and to allow terms of credit corresponding with the maturities of the remaining four notes.

The mortgage contains the following provision:

"And here the said purchaser declared that it does, by these present, consent, agree and stipulate, that in the event of said promissory notes not being punctually paid at their respective maturities, or if said property shall become delinquent for the nonpayment of taxes past due, it shall be lawful for and it does hereby authorize the said vendors, or any other holder or holders thereof, to cause all and singular the said hereinabove described and herein conveyed and mortgaged property to be seized and sold after due process of law, without appraisement to the highest bidder, payable cash, the said Nelson Company hereby confessing judgment in favor of said vendors, or any future holder or holders of said notes."

Appellant's contention is based upon article 686, Code of Practice of Louisiana, which is as follows:

"When a seizing creditor has a privilege or special mortgage on the property seized, for a debt of which all the installments are not yet due, he may demand that the property be sold for the whole of the debt, provided it be on such terms of credit as are granted to the debtor by the original contract for the payment of such installments as are not due."

No terms of credit are granted by the mortgage, and therefore article 686, which is to be considered only where the parties fail to make provision for default in the payment of installments, is inapplicable. The provision in the mortgage is equivalent to the one usually to be found in such instruments, to the effect that the whole debt shall become due upon default in the payment of any installment. It clearly authorized the whole of the mortgaged property to be sold for cash, and to adopt appellant's contention would be to ignore or to treat as meaningless the agreement of the parties which provides for payment in cash of the entire indebtedness in the event of a default upon any installment thereof.

The conclusion is that the decree should not be modified, and it is therefore in all respects affirmed.